**NOT RECOMMENDED FOR FULL-TEXT PUBLICATION**
File Name: 11a0221n.06

**No. 09-6008**

**UNITED STATES COURT OF APPEALS
FOR THE SIXTH CIRCUIT**

**FILED**

*Apr 08, 2011*

LEONARD GREEN, Clerk

|                                                       |     |                                                                                           |
| ----------------------------------------------------- | --- | ----------------------------------------------------------------------------------------- |
| NINA YODER,                                           | )   |                                                                                           |
|                                                       | )   |                                                                                           |
|     Plaintiff-Appellee,           | )   |                                                                                           |
|                                                       | )   | ON APPEAL FROM THE UNITED                                                                  |
| v.                                                    | )   | STATES DISTRICT COURT FOR THE                                                              |
|                                                       | )   | WESTERN DISTRICT OF KENTUCKY                                                               |
| UNIVERSITY OF LOUISVILLE;                             | )   |                                                                                           |
| ERMALYNN KIEHL; MARCIA HERN,                          | )   |                                                                                           |
|                                                       | )   |                                                                                           |
|     Defendants-Appellants.        | )   |                                                                                           |

Before: MARTIN, BOGGS, and COOK, Circuit Judges.

COOK, Circuit Judge. This case arises from the University of Louisville's decision to dismiss Nina Yoder, a student, from its School of Nursing. Defendants appeal the order granting Yoder summary judgment on her § 1983 complaint and reinstating her as a student. We vacate that order.

I.

Nina Yoder attended classes at the School of Nursing for less than a year. For a childbearing course during her second semester, Yoder watched a live birth and reported the experience to her instructor. She also described the birth—in a less-than-flattering tone—on her Myspace page. This post prompted the school to dismiss Yoder for violating its honor code and the course's confidentiality agreement. A student-services committee upheld Yoder's dismissal.

No. 09-6008
*Yoder v. Univ. of Louisville, et al.*

Yoder took no further action within the university but filed a § 1983 suit against the university and two of its officials. She alleged First and Fourteenth Amendment violations and sought both damages and injunctive relief, including reinstatement in the nursing program.

The district court granted Yoder summary judgment, though not on her First and Fourteenth Amendment claims. Rather, the court characterized the case as "present[ing] a matter of contract interpretation," held that Yoder did not violate either the honor code or the confidentiality agreement, and concluded that the university lacked any reason to dismiss her. *Yoder v. Univ. of Louisville*, No. 3:09-CV-205-S, 2009 WL 2406235, at *6–7 (W.D. Ky. Aug. 3, 2009). The court then ordered the university to reinstate Yoder as a nursing student. *Id.* at *7. It declined, however, to address the university's liability for § 1983 damages "[b]ecause Yoder succeed[ed] on her motion for summary judgment on nonconstitutional grounds." *Id.* We review the district court's decision de novo.[1] *Jones v. Muskegon Cnty.*, 625 F.3d 935, 940 (6th Cir. 2010).

II.

Defendants contend that the district court erroneously awarded Yoder summary judgment and injunctive relief for breach of contract because she failed to allege such a claim or establish that theory at summary judgment. We agree.

---

[1]Yoder argues that we should review the district court's order for an abuse of discretion because it awarded her *preliminary* injunctive relief. She is mistaken: the district court granted her summary judgment and awarded her *permanent* injunctive relief, a decision that warrants de novo review.

Though neither party cites Rule 54, it governs here. Except in the case of default judgment, Rule 54(c) instructs district courts to "grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings." Fed. R. Civ. P. 54(c). This rule affords district courts flexibility in crafting relief so that a plaintiff may recover on a valid claim, regardless of counsel's pleading errors. *See Colonial Refrigerated Transp., Inc. v. Worsham*, 705 F.2d 821, 825 (6th Cir. 1983). But a plaintiff may obtain relief on an unpleaded theory of recovery only if he proves that theory, he bases it on the wrongful act alleged in the complaint, and the defendant receives fair notice of the theory. *Bluegrass Ctr., LLC v. U.S. Intec, Inc.*, 49 F. App'x 25, 31 (6th Cir. 2002) (per curiam); *see also Evans Prods. Co. v. W. Am. Ins. Co.*, 736 F.2d 920, 923 (3d Cir. 1984) ("[Rule 54(c)] permits relief based on a particular theory of relief only if that theory was squarely presented and litigated by the parties at some stage or other of the proceedings.").

The grant of summary judgment here—and the corresponding injunction—falls outside the authority permitted by Rule 54(c). The district court seemingly awarded Yoder relief on a breach of contract theory—not her alleged constitutional claims. Yet Yoder neither alleged breach of contract nor attempted to establish entitlement to summary judgment on that theory. Moreover, even had she pleaded breach of contract, the court's reasoning fails to justify relief on such a theory. The court did not find, for example, that (1) Yoder and the university entered into a contract; (2) the contract required her to comply with the honor code and the confidentiality agreement; and (3) the university breached the contract when it dismissed her. In short, the parties never litigated a breach of contract claim. *Cf. Bluegrass Ctr., LLC*, 49 F. App'x at 31.

No. 09-6008
*Yoder v. Univ. of Louisville, et al.*

Yoder nevertheless urges us to affirm summary judgment on free speech and due process grounds. We decline to do so because the district court's judgment includes no consideration of these claims or their factual grounding. *See City of Mount Clemens v. EPA*, 917 F.2d 908, 916 n.7 (6th Cir. 1990).

III.

For these reasons, we vacate the order granting Yoder summary judgment and remand for proceedings consistent with this opinion.